```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------- X
ZINOVY LEVITANT,

                Plaintiff,                    MEMORANDUM & ORDER

   -against-                                  08-CV-3979 (KAM)

THE CITY OF NEW YORK HUMAN
RESOURCES ADMINISTRATION d/b/a
HUMAN RESOURCES ADMINISTRATION,
ROBERT DOAR, individually and in
his official capacity as              X
Administrator and Commissioner of
The City of New York Human
Resources Administration, AIDA
SANCHEZ, individually and in her
official capacity as HRA Workers
Compensation Representative, HILIT
KROMAN, individually and in her
official capacity as Attorney for
the City of New York Human
Resources Administration,

                Defendant.
----------------------------------
```

**MATSUMOTO, United States District Judge:**

On September 29, 2008, plaintiff Zinoviy Levitant ("plaintiff") commenced the instant action against defendants City of New York Human Resources Administration ("HRA"), Robert Doar, Aida Sanchez, and Hilit Kroman (collectively, "defendants"). (ECF No. 1, Compl.) Plaintiff's action alleges claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), New York Executive Law §§ 290, *et*

*seq.*, and the New York City Human Rights Law ("NYCHRL"), NYC Administrative Code §§ 8-101, *et seq.* (*Id.* ¶¶ 56-101.) Plaintiff, a former caseworker with the HRA, specifically claims that his rights under the FMLA were violated by defendants' failure to provide him with a medical leave of absence, that he was denied a reasonable accommodation for his disability, that he was denied workers' compensation leave, and that he was terminated based on his disability and illness, and because he was a delegate for his Union. (*See generally id.*)[1]

On June 25, 2012, defendants filed an unopposed motion for summary judgment. (ECF No. 36, Mot. for Summ. J.) For the reasons discussed below, the court hereby grants defendants' motion in its entirety, thereby dismissing plaintiff's complaint in its entirety and directing that judgment be entered for defendants.

## BACKGROUND

On January 31, 2012, the court granted the parties' joint proposed amended briefing schedule as to defendants' motion for summary judgment. (Order of Jan. 31, 2012.) Pursuant to that order, defendants were to serve their motion by

---

[1] On January 14, 2005, plaintiff commenced a previous action against HRA alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, based on race and national origin, and retaliation. Although that earlier action is also before this court (*see Levitant v. The City of New York Human Resources Administration*, Case No. 05-CV-230), its claims were tried separately and are distinct from the claims in this case and were not considered herein.

2

March 16, 2012; plaintiff was to serve his opposition by April 16, 2012; and defendants were to file their reply, if any, by April 30, 2012. (*Id.*) The court thereafter granted plaintiff two additional extensions of time to file his opposition to defendants' motion for summary judgment, first until May 16, 2012, (Order of April 17, 2012), and then until June 4, 2012, (Order of May 15, 2012).

As of June 19, 2012, plaintiff had not filed an opposition to defendants' motion. Therefore, the court ordered plaintiff to file by June 22, 2012 a letter explaining his failure to serve his opposition on defendants in accordance with the court's prior orders, and to serve his opposition by the same date. (Order of June 19, 2012.) Plaintiff failed to either file an explanatory letter with the court, or to serve his opposition on defendants. Accordingly, on June 25, 2012, the court deemed defendants' motion for summary judgment unopposed. (Order of June 25, 2012.)

## DISCUSSION

I.  Legal Standard

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict

3

for the nonmoving party." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (internal quotation marks and citation omitted).

The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, a reviewing court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001).

Federal Rule of Civil Procedure 56 further provides that if a non-moving party fails to oppose a summary judgment motion, the court may "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The Second Circuit has held, however, that:

> [W]here the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."

*Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). Therefore, "[i]f the evidence submitted in support of

4

the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (internal quotation and citation omitted).

"In reviewing and evaluating the evidence in support of an unopposed motion for summary judgment, the movant's Rule 56.1 statement is 'an important guide.'" *Polanco v. 34th St. P'ship*, 724 F. Supp. 2d 420, 425 (S.D.N.Y. 2010) (quoting *Shark v. City of New York*, No. 03 Civ. 2616, 2008 U.S. Dist. LEXIS 78982, 2008 WL 4444112, at *3 (S.D.N.Y. Sept. 29, 2008)). However, in determining whether the moving party has met its burden of showing the absence of a genuine issue for trial, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)).

II. **The Instant Motion for Summary Judgment**

Here, defendants argue that plaintiff's claims should be dismissed because: (1) there is no individual liability under the ADA, and defendant Kroman is additionally entitled to absolute immunity; (2) plaintiff's FMLA claims fail as a matter of law because he cannot establish a prima facie case of interference or retaliation, nor are any of the reasons

5

proffered by the HRA for the actions complained of pretext for discrimination; (3) plaintiff's ADA claim for failure to accommodate was not administratively exhausted and is time-barred; (4) to the extent they are not time-barred, plaintiff's ADA claims fail as a matter of law; (5) plaintiff's ADA retaliation claims may only be redressed pursuant to New York Workers' Compensation Law; and (6) plaintiff's claims under the NYSHRL and NYCHRL fail as a matter of law.  (ECF No. 36-1, Mem. of Law in Supp. of Defs.' Mot. for Summ. J. at 2.)

The court has carefully examined defendants' unopposed submissions,[2] as well as the corresponding evidence in the record and the legal authority upon which defendants' arguments rest, and is satisfied that defendants have met their burden of establishing that no genuine issues of material fact remain, and that they are entitled to summary judgment as a matter of law. The court is "satisfied that [defendants'] citation to evidence in the record supports the assertion[s]" in defendants' 56.1 statement that no material fact is in dispute, and that, pursuant to that evidence, plaintiff's claims under the FMLA, the ADA, the NYSHRL, and the NYCHRL fail as a matter of law. *Vt. Teddy Bear Co.*, 373 F.3d at 244.

---

[2] In addition to a memorandum of law in support of their motion for summary judgment, defendants submitted a 56.1 statement with citations to supporting evidence, a declaration by Assistant Corporation Counsel Ashley Hale, and thirty-five exhibits.  (*See* ECF Nos. 36-1–39.)

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is granted in its entirety. The Clerk of Court is respectfully requested to enter judgment in favor of defendants, and to close this case.

**SO ORDERED.**

Dated:	December 13, 2012
	Brooklyn, New York

	_____/s/_____
	KIYO A. MATSUMOTO
	United States District Judge
	Eastern District of New York

7